IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

I-REMIEL AZARIAH: IBN YAHWEH,

    **Plaintiff,**

v.                  Case 2:12-cv-03073-JDT-cgc

SHELBY COUNTY GENERAL SESSIONS
COURT, GWYNDOLYN ROOKS, WILLIAM
STEVEN CROSSNOE, CLARENCE WILLIAM
HILL, DEPUTY CHADWICK, DEPUTY
WILLIAMS, DEPUTY S. WEEDEN, DEPUTY
LOVELL, DEPUTY AOLLEY, DEPUTY
C. CHAMBERS, DEPUTY MADESHO,
BILL OLDHAM, AMY WEIRICH, MARK
LUTTRELL, THE STATE OF TENNESSEE,
DEPUTY EARL, DEPUTY WINFREY,
SERGEANT REYNOLDS, A. COUGHLIN,
JOHN AND JANE DOES 1-50,

    **Defendants.**

## REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING PURSUANT TO 28 U.S.C. § 1915 AND ON CERTIFICATION OF APPEALABILITY PURSUANT TO RULE 24 OF THE FEDERAL RULES OF APPELLATE PROCEDURE

Before the Court is Plaintiff I-Remiel Azariah: Ibn Yahweh's pro se Complaint for Violation of Civil Rights under 42 U.S.C. §§ 1983 &1985 (Docket Entry "D.E." #1) ("Complaint"), which must be screened pursuant to 28 U.S.C. § 1915 ("Section 1915") as Plaintiff is proceeding in forma pauperis. (D.E. #3). The Section 1915 screening has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #4). For the reasons set forth herein, it is recommended that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state

a claim upon which relief may be granted and that leave to proceed in forma pauperis on appeal be DENIED pursuant to Rule 24 of the Federal Rules of Appellate Procedure.

**I. Background**

Plaintiff's Complaint initially contains sections entitled "Definitions" and "Affidavit and Statement of Facts." (Compl. at 3, 7-27). Although the majority of both of these sections contains incoherent allegations and indecipherable legal conclusions, it appears to the Court that Plaintiff intends to raise grievances surrounding the use of physical force by certain officers to effectuate an arrest on or about November 9, 2012 and the seizure of his property. (*Id*. ¶¶ 85-90, 95-97).

Specifically, he alleges that he was not read his *Miranda* rights (*Id*. ¶ 119), that he was denied requested medical attention while incarcerated (*Id*. ¶¶ 99, 106), that he was forced under threat, coercion, and duress to submit to fingerprinting, being photographed, and signing "papers" (*Id*. ¶¶ 103.1, 105.1), that he was "booked under names shown to be legally inaccurate as evidenced by the Birth Certificates and Order of Name Changes" (*Id*. ¶ 120), that he was subjected to verbal and physical abuse (*Id*. ¶ 104.1), that he was "subjected to being served substandard or nutritionally void substances" and denied access to "fresh air, sunlight, and free movement"(*Id*. ¶¶ 121, 123-124), and that he was "subjected to strip searches, voyeurism, and molestation" (*Id*. ¶ 122). Plaintiff further asserts that certain entities had a custom, practice, or policy of performing such acts and omissions in violation of individuals' rights. (*Id*. ¶¶ 109-11).

Plaintiff names as Defendants[1] the following: Shelby County General Sessions Court ("General Sessions Court"); Gwyndolyn Rooks ("Rooks"); William Steven Crossnoe ("Crossnoe"); Clarence William Hill ("Hill"); Deputies Chadwick, Williams, S. Weeden, Lovell, Aolley, C.

---

[1] Plaintiff also refers to Defendants as "Libellees." (Compl. at 3).

Chambers, Madesho, Earl, Winfrey; Bill Oldham ("Oldham"); Amy Weirich ("Weirich"); Mark Luttrell ("Luttrell"); the State of Tennessee; Sergeant Reynolds ("Sgt. Reynolds"); A. Coughlin ("Coughlin"); and, John and Jane Does 1-50.[2]

## II. Section 1915 Screening

Pursuant to Section 1915, in proceedings in forma pauperis, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se

---

[2] Service of process cannot be made on unnamed or fictitious parties. The filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitations against those parties. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). Accordingly, it is recommended that Plaintiff's Complaint against John and Jane Does 1-50 be dismissed.

complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### A. Counts I, II, V, VI, VIII, IX, XIX, XX

Counts I, II, V, VI, VIII, IX, XIX, and XX of Plaintiff's Complaint purport to or appear to the Court to allege violations of 42 U.S.C. Section 1983 ("Section 1983"). To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). Section 1983 itself "creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)).

To plead a Section 1983 claim against a municipality, Plaintiff must plausibly allege that his constitutional rights were violated and that a policy or custom of the municipality was the "moving force" behind the deprivation of Plaintiff's rights. *Miller v. Sanilac Cty.*, 606 F.3d 240, 254-55 (6th Cir. 2010) (citing *Monell v. Dep't of Soc. Srvs. of City of New York*, 436 U.S. 658, 694 (1978)). Absent allegations of an express policy of the municipality, Plaintiff must allege that the municipality has "(1) an unwritten custom (2) of remaining deliberately indifferent (3) to a clear and persistent pattern of illegal uses of force and seizures (4) that it knew or should have known about."

4

*Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941-42 (M.D.Tenn. 2012) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005)).

Count I contains a Section 1983 claim against "known and unknown DEFENDANT OFFICERS of MEMPHIS POLICE DEPARTMENT, SHELBY COUNTY SHERIFF'S DEPARTMENT, GENERAL SESSIONS COURT, SHELBY COUNTY, STATE OF TENNESSEE, et al[.]"[3] for the unlawful arrest of Plaintiff without probable cause in violation of the Fourth Amendment of the United States Constitution. (Compl. ¶ 130). The Fourth Amendment provides as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

"To succeed on a Fourth Amendment claim for an unreasonable seizure/unlawful arrest, plaintiffs must show that there was a seizure and that it was unreasonable." *Alexander v. Beale Street Blues Co., Inc.*, 108 F. Supp. 2d 934, 941 (6th Cir. 1999) (quoting *Brower v. County of Inyo*, 489 U.S. 539, 599 (1989)). To determine if a seizure is reasonable, a court must look to whether the officers had probable cause to seize the individual. *Alexander,* 108 F. Supp. 2d at 942 (quoting *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). "Probable cause to make an arrest exists if the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense." *Alexander,* 108

---

[3] All purported claims in this count and subsequent counts against "known and unknown" Defendant Officers and parties referred to as "et al.," like the claims against John and Jane Does, *see*, *supra*, n.1, must additionally be dismissed because service of process may not be made upon unnamed or fictitious parties.

F. Supp. 2d at 942. "In general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Id.*

Even though the question of whether probable cause existed generally presents a question of fact, Plaintiff must satisfy the pleading requirements to proceed with such a claim. In the instant case, Plaintiff has not alleged any facts as to why he believes his arrest was not supported by probable cause. Accordingly, it is recommended that Count I of Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

Count II contains a Section 1983 claim against "known and unknown DEFENDANT OFFICERS of MEMPHIS POLICE DEPARTMENT, SHELBY COUNTY SHERIFF'S DEPARTMENT, GENERAL SESSIONS COURT, SHELBY COUNTY, STATE OF TENNESSEE et al[.]" for "[d]etention and confinement . . . without probable cause." (Compl. ¶ 131). Plaintiff fails to plead the deprivation of a right secured by the Constitution or laws of the United States, which is required to adequately allege a Section 1983 claim. Further, even if the Court were to presume that, based upon his reference to "probable cause" that he intends to pursue a Fourth Amendment claim, Plaintiff has not alleged any facts as to why he believes his detention and confinement was not supported by probable cause. Accordingly, it is recommended that Count II of Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

Count V contains a Section 1983 claim against Luttrell. (Compl. ¶ 134). Plaintiff alleges as follows: (1) Luttrell "caused and participated in the deprivation of the constitutional rights"; (2) Luttrell "was aware that the City and County maintain a widespread and settled policy, practice and custom of failing to properly supervise, monitor, discipline, counsel and otherwise control its police

6

officers"; (3) Luttrell was "aware that the maintenance of these practices would result in preventable police misconduct, specifically, widespread false arrest and malicious prosecution of citizens and free Nationals without just cause and without lawful process"; (4) Luttrell "oversaw, endorsed, condoned and acquiesced in the above-mentioned policies, practices and customs and refused to take steps to correct them"; (5) Lutrell was "well aware that the practice of arresting citizens and free nationals while operating a motor vehicle during the exercise of the right to travel, has been, in effect, resulting in a widespread constitutional deprivation"; (6) Luttrell "caused and facilitated the systematic denial of [Plaintiff's] constitutional rights" by "failing to properly police officers who violated the constitutional rights of representatives/officers of the JUSTIN JONES ESTATE while exercising [his] rights"; (7) Luttrell was "[f]ailing to discipline police officers who falsely arrest representatives/officers of THE JUSTIN JONES ESTATE while exercising [his] rights"; (8) Luttrell was "[t]urning a blind eye to repeated and systemic misconduct of the constitutional rights of representatives/officers of THE JUSTIN JONES ESTATE while operating a motor vehicle during the exercise of [his] rights"; (9) Luttrell was "deliberately indifferent to the rights and safety of [Plaintiff], as evidenced by his acquiescence to and support of these policies and their obvious consequences." (*Id*.)

Despite the long list of allegations against Luttrell, Plaintiff has failed to claim any deprivation of a right secured by the Constitution or laws of the United States, which is required to adequately allege a Section 1983 claim. Even if the Court were to presume that, based upon his reference to "false arrest" that he intends to pursue a Fourth Amendment claim, Plaintiff has not alleged any facts as to why he believes his arrest was not supported by probable cause. Finally, while Plaintiff mentions the "right to travel," the constitutional right to travel generally restricts a

7

person's freedom of travel throughout the United States. *See, e.g., Dunn v. Blumstein*, 405 U.S. 330, 338 (1972) (citing cases). However, Plaintiff has apparently confused the constitutional right to travel with the qualified privilege to drive an automobile. *George Taylor Duncan v. Linda Cone*, No. 00-5705, 2000 WL 1828089, at *2 (6th Cir. Dec. 7, 2000). "A burden on a single mode of transportation simply does not implicate the right to interstate travel." *Id.* Accordingly, it is recommended that Count V of Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

Counts VI, VIII, XIX, and XX contain Section 1983 claims under the doctrine of *respondeat superior*. Specifically, Count VI alleges that various entities are liable under *Monell v. Dep't of Social Svs. of City of New York*, 436 U.S. 658, 701 (1978) as "the employers of the officers involved in assault." (Compl. ¶ 135). Count XIX alleges that Shelby County and SCSD are liable "as principal[s] . . . for the actions of [their] agents under the doctrine of respondeat superior." (*Id.* ¶ 148). Counts VIII and XX allege the same as Count XIX against the State of Tennessee. (*Id.* ¶ 149). However, the *Monell* Court does not permit liability solely for employing a party:

> Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.

*Monell*, 436 U.S. at 691. Additionally, as to Counts VIII and XX against the State of Tennessee, Section 1983 claims against states are barred by the Eleventh Amendment to the United States Constitution. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Accordingly, it is recommended that Counts VI, VIII, XIX, and XX of Plaintiff's Complaint fail to state claims upon which relief may be granted and should be dismissed pursuant to Section 1915.

8

Finally, Count IX seeks to pursue class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure for the "above described seizures and false arrests . . . undertaken in accordance with the custom, practice, and policy" of SCSD, General Sessions Court, Shelby County, and the State of Tennessee.[4] However, as it has been recommended that Plaintiff has failed to state any Section 1983 claims upon which relief may be granted, it is further recommended that Count IX of Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

**B. Counts III & IV**

Count III alleges a claim of malicious prosecution in violation of Tennessee State law against (Compl. ¶ 132). Count IV alleges a claim of breach of contract for violations of Plaintiff's "right to due process under the Fourth [sic] Amendment to the United States Constitution." (Compl. ¶ 133). Both Count III and Count IV are against "the known and unknown DEFENDANT OFFICERS." (*Id*. ¶¶ 132-33). For the reasons set forth above, *see*, *supra*, n.1, service of process may not be effected upon unknown or fictitious parties. Accordingly, it is recommended that Counts III and IV of Plaintiff's Complaint fail to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

**C. Counts VII, XI, XXI & XXII**

Counts VII, XI, XXI & XXII allege claims of violations of 18 U.S.C. Sections 241 and 242 against various entity defendants. (Compl. ¶¶136, 140, 150-51). Title 18 of the United States Code sets forth federal crimes and federal criminal procedure. The Sixth Circuit has concluded that 18

---

[4] Plaintiff also lists that this claim is against Defendant Memphis Police Department ("MPD"); however, MPD is not a named Defendant in this action.

U.S.C. Sections 241 and 242 provide no private right of action and that a private citizen lacks standing to file a claim under this section. *Booth v. Henson*, 290 Fed. Appx. 919, 920-21 (6th Cir. 2008); *United States v. Oguaju*, 76 Fed. Appx. 579, 581 (6th Cir. 2003). Accordingly, it is recommended that Counts VII, XI, XXI and XXII of Plaintiff's Complaint fail to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### D. Count XII

Count XII alleges a claim of negligence. (Compl. ¶ 141). Plaintiff alleges that "Libellees" owed him "a lawful/legal duty to exercise at least reasonable care or, in some cases, to conform to a higher standard of care especially as it relates to people of Indigenous origins." (*Id.*) Plaintiff alleges that "Libellees breached their Public Trust to duty/contract—'To serve and protect.'" (*Id.*) Plaintiff claims that he suffered damages from the breach of "kidnapping, assault, battery, et al." (*Id.*)

Under Tennessee law, a claim for negligence requires the following: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and, (5) proximate or legal cause. *Hale v. Ostrow*, 166 S.W.3d 713, 716 (Tenn. 2005). Count XII of Plaintiff's Complaint merely contains a formulaic recitation of these elements and does not contain sufficient factual matter that, accepted as true, puts Defendants on notice of the claim against them. Accordingly, it is recommended that Count XII of Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### E. Count XIII

Count XIII alleges a claim of "Tortious Interference." (Compl. ¶ 142). In support of this

claim, Plaintiff sets forth the following: (1) "Existence of a contract—Treaty of Peace and Friendship"; (2) "Libellee's knowledge of the contract—which has existed since 1787"; (3) Libellee's intentional and unjustified procurement of the contract's breach by attempting to enforce the 14th Amendment on Beneficiary"; (4) "Libellees' knowledge that the affiant did not consent to the waiver of any of the Affiant's God given jurisdictional rights"; and, (5) "Damage to Beneficiary as a direct result." (*Id*.)

Tennessee law recognizes a statutory action for inducement or procurement of a breach of contract under Tennessee Code Annotated Section 47-50-109 and a common law claim for tortious interference with contract. *Cambio Health Solutions, LLC v. Thomas M. Reardon*, Nos. 04-6485, 05-5041, 2007 WL 627834 (6th Cir. Feb. 27, 2007) (citations omitted). Section 47-50-109 provides as follows: "It is unlawful for any person, by inducement, persuasion, misrepresentation, or other means, to induce or procure the breach or violation, refusal or failure to perform any lawful contract by any party thereto. . . ." Tenn. Code Ann. § 47-50-109. The common law claim for tortious interference with contract requires as follows: (1) a legal contract; (2) Defendants' knowledge of the contract; (3) an intention to induce its breach; (4) malice; (5) breach of the contract; (6) proximate cause of the breach; and, (7) damages resulting from the breach. *Hawkins v. Hart*, 86 S.W.3d 522, 530 (Tenn. Ct. App. 2001).

Plaintiff has not set forth any cognizable claim for either inducement or procurement of a breach of contract or tortious interference with contract based upon an alleged violation of the "Treaty of Peace and Friendship." Accordingly, the Court recommends that Count XIII of Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

**F. Count XIV**

Count XIV contains a claim for violation of 42 U.S.C. Section 14141. (Compl. ¶ 143). Specifically, Plaintiff alleges as follows: (1) "Libellees' responsibility to acknowledge the unlawfulness of a governmental authority or agent thereof to kidnap or carry away any other person, with the intent that such other person be sold into involuntary servitude, or held as a slave"; (2) "Libellees' responsibility to acknowledge the unlawfulness of a governmental authority or agent thereof to entice, persuade, or induce any other person to go on board any vessel or to any other place with the intent that he or she may be held as a slave, or sent out into the country to be so made or held." (*Id.*)

42 U.S.C. Section 14141 allows the Attorney General to obtain appropriate equitable and declaratory relief in a civil action for governmental patterns or practices that result in deprivations of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. 42 U.S.C. § 14141(b). Other courts have held that there is no private right of action under 42 U.S.C. Section 14141. *See Isaac Sefa v. Fayette County Police*, Civil Action No. 11-410-JBC, 2012 WL 2793015, at *1 (E.D.Ky. July 9, 2012); *Cedric Kelly v. City of New Philadelphia*, No. 5:11CV474, 2011 WL 3705151, at *2 (N.D.Ohio August 22, 2011); *CP, ex rel. Powell v. Tennessee*, No. 3:10-CV-126, 2010 WL 2598105, at *2 (E.D.Tenn. June 24, 2010). Further, the plain language of Section 14141 providing the Attorney General with the authority to initiate such actions necessitates that conclusion. Accordingly, it is recommended that Count XIV of Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

**G. Count XV**

Count XV contains a claim for "Enticement to Slavery" pursuant to 42 U.S.C. Section 1583. (Compl. ¶ 144). Specifically, Plaintiff alleges that "Libellees/Defendants' responsibility to acknowledge the unlawfulness of a[] governmental authority or agent thereof to engage in patterns or practices that deprives person of rights, privileges or immunities secured or protected by the Constitution or laws of the United States including but not limited to: excessive force, discriminatory harassment, unlawful stops, searches or arrests." (*Id*.)

Section 1583 provides for the redetermination of demountable housing as temporary or permanent. 42 U.S.C. § 1583. It requires the Secretary of Housing and Urban Development to reevaluate certain housing classifications no later than December 31, 1950. *Id*. The Court cannot decipher any private right of action in Count XV, nor is the Court aware of any federal court that has acknowledged such a right pursuant to Section 1953. Accordingly, it is recommended that Count XV of Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

**H. Count XVI**

Count XVI contains a claim for perjury in violation of 18 U.S.C. Section 1621. (Compl. ¶ 145). Plaintiff alleges that "Libellees" have made false statements on material issues to his detriment under oath and before "an authorized tribunal." (*Id*.) However, Section 1621 does not provide for a private right of action and only applies to criminal matters. *Nicole Energy Services, Inc. v. McClatchey*, No. 2:08-CV-0463, 2010 WL 55718, at *6 (S.D. Ohio Jan. 4, 2010) (citing cases); *Brooks v. Kentucky Community Technical College*, Civil No. 11-CV-425, JMH, 2012 WL 2944456, at *2 (E.D. Ky. July 19, 2012) (finding "no private right of action to proceed under Title

18 of the United States Code (which concerns crimes and criminal procedure)"). Accordingly, it is recommended that Count XVI of Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### I. Count XVII

Count XVII contains a claim for false declaration in violation of 18 U.S.C. Section 1623. (Compl. ¶ 146). Plaintiff alleges that "Libellees" have made false statements on material issues under oath and "before or in relation to a court or grand jury" for the intentional detriment of Plaintiff. (*Id.*) However, Section 1623 does not provide for a private right of action and only applies to criminal matters. *Nicole Energy Services,*, 2010 WL 55718 at *7 (S.D. Ohio Jan. 4, 2010); *Brooks*, 2012 WL 2944456 at *2 (E.D. Ky. July 19, 2012). Accordingly, it is recommended that Count XVII of Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### J. Count XVIII

Count XVIII contains a claim for fraud and false statements in violation of 26 U.S.C. Section 7206. (Compl. ¶ 147). Specifically, Plaintiff alleges that "Libellees" have made various false and fraudulent statements on bonds, books, records, returns, and other documents. (*Id.*) However, Section 7206 is a criminal statute prohibiting fraud and false statements under the Internal Revenue Code and grants no explicit private right of action. *Lucas-Cooper v. Palmetto GBA, et al.*, No. 1:05-cv-00959, 2006 WL 2583407, at *10 (N.D. Ohio Sept. 7, 2006) (quoting *Marx v. Central Corp.*, 747 F.2d 1536, 1549 (6th Cir. 1984) ("[W]here there is a 'bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone,' a private cause of action will not be inferred.") Accordingly, it is recommended that Count XVIII of Plaintiff's Complaint fails

to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

**K. Count X**

Count X contains a request for injunctive relief for violations of the First Amendment, Fourth Amendment, Tennessee Constitution, and Tennessee law. (Compl. ¶ 139). As to the First Amendment and the Tennessee Constitution, Plaintiff has not set forth any such claims in his Complaint, and thus he is not entitled to any relief, injunctive or otherwise, for these claims. As to the Fourth Amendment and Tennessee law, the Court has recommended that these claims fail to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915. Thus, it is further recommended that Count X of Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed against all Defendants.

**III. Certification of Appealability**

Upon the recommendation that Plaintiff's Complaint be dismissed pursuant to Section 1915, the Court must further consider whether it should be recommended that Plaintiff be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies the pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for the district court does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead to the recommendation that the District Court dismiss the complaint in this case for failure to state a claim upon which relief may be granted also compel the recommendation that an appeal would not be taken in good faith. Accordingly, it is recommended that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Plaintiff is not taken in good faith and that leave to proceed in forma pauperis on appeal be DENIED. It is further recommended that, if Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**DATED** this 3rd day of April, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**